UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

LARRY MARTIN,                          )
                                       )
                Plaintiff,             )
                                       )
        v.                             )       No. 10 C 2162
                                       )
COOK COUNTY DEPT. OF                   )       Judge Rebecca R. Pallmeyer
CORRECTIONS, et al.                    )
                                       )
                Defendants.            )

                        **MEMORANDUM OPINION AND ORDER**

  *Pro se* Plaintiff Larry Martin alleges that Defendants, who are Cook County Jail officials, were indifferent to his serious need for dental care while he was at Cook County Jail. Plaintiff brought a civil rights action pursuant to 42 U.S.C. § 1983 and Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies and that the undisputed facts defeat a showing of deliberate indifference. For the reasons explained here, the motion [77] is denied.

                        **FACTUAL AND PROCEDURAL HISTORY**[1]

  Plaintiff entered the Cook County Jail on September 17, 2009, and remained there through approximately April 27, 2010. (Martin Dep. [79-2] 17:5-17.) Plaintiff testified at his deposition that he had a minor toothache before he entered the jail, which he was treating with a topical ointment to numb his pain. (*Id.* at 21:1-6, 22:20-23, 23:1-3). According to Plaintiff, he began requesting medical attention for his tooth pain immediately after he entered the jail because he did not have an outside source of medication. (*Id.* at 23:5-13.) In a declaration that is supported by copies of Detainee Health Service Request Forms Plaintiff filed, he asserted that he requested dental

---

  [1]  Defendants have submitted a Local Rule 56.1 statement and properly warned Plaintiff about the Local Rule requirements for opposing summary judgment. Plaintiff has not technically complied with the Rule (Plaintiff has addressed Defendants' factual statements but neglected to present his own proposed statement of facts), but the court has reviewed the full evidentiary record.

assistance several times after entering the jail. (Pl.'s Decl. [86] ¶¶ 5-8.) On September 18, 2009, one day after he arrived, Plaintiff submitted a "sick-call" request for medical care. Two days later, he was taken to sick-call and given Tylenol for his toothache. (*Id.* at ¶¶ 5-6.) He received more Tylenol at sick-call on September 24. (*Id.* at ¶ 7.) Nevertheless, the next day, September 25, Plaintiff was in "serious pain" and asked the correctional officer for assistance. The officer sent him to sick-call where he was seen by a physician, Dr. Davis. (*Id.* at ¶ 8.)

Dr. Davis diagnosed Plaintiff with a toothache and prescribed Motrin for his pain. Dr. Davis also made Plaintiff an appointment to see a dentist on September 29, but Plaintiff asserts that appointment was "never honored." (*Id.* at ¶ 8.) Plaintiff was brought to sick-call on September 29 and told the nurse there that his teeth were "killing [him]" and the Tylenol he had been given was "not helping [his] pain at all." He asserts he reminded the nurse that he had an appointment to see a dentist that day, but he was never called for that appointment. (*Id.* at ¶ 9.)

Plaintiff made another request for care on October 1 through a request slip informing Defendants that his pain medication had "run out" and he was experiencing "serious pain." (*Id.* at ¶ 10.) According to Plaintiff, he was not provided with any pain medication or treatment in response to that request. (*Id.*) Plaintiff alleges that he complained to Correctional Officer Cooper the next day that he had a serious toothache and was out of pain medication, but she refused to assist him. (*Id.* at ¶ 11.) Defendants assert that on October 2, Plaintiff "obtained a number of pills from other inmates and took them in front of a correctional officer," arguing that he did so for his pain. The Correctional Officer present then took Plaintiff to sick-call. (Defs.' Local Rule 56.1 Statement of Material Facts [79], hereinafter "Defs.' 56.1", at ¶ 12.)

Plaintiff asserts he repeated his requests for dental care on several occasions during the first two weeks of October to Victoria Furlow, a paramedic at the Cook County Department of

Corrections,[2] but she informed him that he would have to "wait until [his] turn" to see the dentist. (*Id.* at ¶¶ 12, 14; Am. Compl. [63] at 3.) Plaintiff alleges that he was in so much pain by October 5 in spite of the Tylenol he was given that he "begg[ed]" to have his tooth pulled. Health Service Request Forms Plaintiff filed between October 1 and October 9 reflect these allegations. (Detainee Health Service Request Forms, Exs. 5-9 to Pl.'s Decl.)

Furlow called Plaintiff to sick-call on October 9, and Plaintiff told Furlow that he now had two toothaches, his gums were bleeding, and he believed he had an infection in his gums. (Pl.'s Decl. at ¶ 14.) Two days later, he again told Furlow that he was in "serious pain," that his bleeding had worsened, and that his tooth was infected, but he alleges he was given no treatment other than Tylenol and another referral to the dentist. (*Id.* at ¶ 15.) On October 13, Plaintiff filed a formal grievance, complaining that his gums and jaw were swollen and that Tylenol was not helping his pain and had started "making him sick." (*Id.*)

The parties agree that Plaintiff was first seen by a dentist on October 16, 2009. The dentist, Dr. Ronald Townsend, noted that Plaintiff had heavy plaque; inflammation; calculus;[3] stain[s]; and oral hygiene deficiencies. (*Id.* at ¶ 17; Townsend Affidavit [79-4] ¶ 6.) Dr. Townsend also determined that Plaintiff suffered from chronic periodontitis (gum disease) which required removal of his #18 tooth. (Townsend Aff. ¶ 6.) After obtaining Plaintiff's signed consent, Dr. Townsend removed the tooth and gave Plaintiff a prescription for pain medication. (*Id.*) Dr. Townsend wrote in an affidavit that in his view Plaintiff "suffered from chronic gum disease prior to his arrival" and his "#18 and #14 teeth should have been removed before his incarceration, as they were irreversibly damaged." Nevertheless, Dr. Townsend asserted that Plaintiff "suffered no additional

---

[2]     Defendants do not mention Ms. Furlow in their statement of facts.

[3]     Calculus is "an abnormal concretion in the body, usually composed of mineral salts." In the dental context, calculus is "a hard, stonelike concretion . . . that forms on the teeth . . . through calcification of dental plaque." *Calculus*, DORLAND'S MED. DICTIONARY 275 (31st ed. 2007).

3

harm from not having those teeth immediately removed." (Townsend Aff. ¶ 12.)

Though Plaintiff also complained of pain in his # 14 tooth, Dr. Townsend declined to pull that tooth and instructed Plaintiff to come back in two weeks to remove it. (Pl.'s Decl. ¶ 17.) After Plaintiff's pain medication ran out two weeks later and he was not brought to a dentist, Plaintiff asserts that he filed another grievance form and numerous sick-call request forms between the end of October 2009 through the end of November 2009. (*Id.* at ¶ 19.) According to Plaintiff, his grievance forms during that period were lost or never filed by a social worker assigned to him. (*Id.*) Defendants instead allege that Plaintiff's sole grievance was on October 13, 2009, that he received a response to that grievance on November 4 indicating that his complaint had been referred to "Dental Services," and that Plaintiff did not appeal. (Defs.' 56.1 ¶ 32.)

In a Health Service Request Form he completed on November 29, 2009, Plaintiff again complained of an abscess on his gums. (*Id.* at ¶ 20; Detainee Health Service Request Form, Ex. 15 to Pl.'s Decl.) Plaintiff completed another Health Service Request Form on December 1. (Detainee Health Service Request Form, Ex. 16 to Pl.'s Decl.; Defs.' 56.1 ¶ 19.) On December 4, 2009, Plaintiff was taken to sick-call and seen by Physician's Assistant Barbara Davis. She diagnosed him with a dental abscess and prescribed an antibiotic and Motrin for pain. (Pl.'s Decl. ¶ 21; Prescription Order, Ex. 17 to Pl.'s Decl.)

On December 9, Plaintiff was seen by Dr. Melanie Montgomery, a dentist who also determined that Plaintiff's #14 tooth needed to be removed. The severity of Plaintiff's infection prevented removal at that time, however, so she prescribed further antibiotic treatment and Motrin for pain and scheduled an appointment for Plaintiff to have the tooth removed the following week. (Pl.'s Decl. ¶ 22.) The medication she prescribed lasted just one week, and Plaintiff asserts that unfortunately the next appointment "never came." (*Id.*)

On December 27, 2009, Plaintiff completed another Health Service Request Form complaining that he had an abscess, that he needed a tooth pulled, and that he had been assured

4

he would be called back for further dental treatment but had not received it. (Detainee Health Service Request Form, Ex. 20 to Pl.'s Decl.) Defendants assert that during that period of time Plaintiff was "referred for a dental appointment" and given Tylenol. (Defs.' 56.1 ¶ 22.) Dr. Montgomery finally removed the Plaintiff's # 14 tooth on January 27, 2010 and gave him medication to help with the pain. (Pl.'s Decl. ¶ 28; Townsend Aff. ¶ 10; Defs.' 56.1 ¶ 23.) At a follow-up visit on February 24, 2010, when Plaintiff's gum was still tender, Dr. Montgomery recommended that he take Tylenol for the continuing pain. (Townsend Aff. ¶ 11; Defs.' 56.1 ¶ 25.)

## DISCUSSION

### I. Timeliness

Before addressing the merits of Plaintiff's claim, the court notes a concern about the identities of the named Defendants. In his original complaint, Plaintiff named Cook County Sheriff Tom Dart and Jail Superintendent Salazar, but he did not name correctional officers and medical officials he included as John Doe and Jane Doe Defendants. Plaintiff acknowledged that he named Sheriff Dart and Salazar as Defendants for the sole purpose of identifying which individuals were involved in the alleged violations of his rights. (7/8/11 Minute Order [44].) Plaintiff later amended his complaint to name the current individual Defendants, but that amended complaint was not filed until after the two-year statute of limitations had run. *See, e.g., Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009) (statute of limitations for claims pursuant to section 1983 is determined by state law, which in Illinois is two years).

In this motion, Defendants seek summary judgment on the merits. The court previously deferred further consideration of the timeliness issue pending a ruling on this motion. The court notes, however, that dismissing Plaintiff's claims on timeliness grounds would be problematic at this point because the record shows that Plaintiff, an unrepresented prisoner, pursued this case aggressively and made substantial efforts to obtain the identities of the individual defendants within the two-year statutory period. The court entered orders on July 8, 2011 [44]; October 13, 2011 [51];

November 3, 2011 [54]; December 20, 2011 [60]; and January 19, 2012 [61] directing the then-named Defendants promptly to give Plaintiff the information necessary to identify the John and Jane Doe Defendants. Had Defendants complied with any of those orders, Plaintiff would likely have been able to identify the correct parties before the statute of limitations period had run. To permit Defendants' failure or inability to comply with court-ordered discovery to result in dismissal would create an incentive for institutional Defendants to delay discovery compliance. The incentive is particularly troublesome in a case such as this one, in which the unnamed officials are likely to be indemnified by the same entities providing a defense to the institutional Defendants. The court will allow Defendants to revisit the statute of limitations issue, but notes its unwillingness to create such an incentive.

## II. Summary Judgment Analysis

Summary judgment is appropriate if there is no genuine dispute as to any material fact such that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In applying this standard, all disputed issues of fact are to be resolved in favor of the non-moving party. *Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The court refrains from making credibility determinations and weighing the evidence at summary judgment. *Id.* at 773. In this case, Defendants argue that summary judgment should be granted in their favor because Plaintiff has failed to exhaust his administrative remedies. Alternatively, Defendants argue that summary judgment should be granted for them because the evidence establishes that there is no merit to Plaintiff's deliberate indifference claim.

### A. Exhaustion

The Prison Litigation Reform Act provides that prisoners may not bring any action under section 1983 until their administrative remedies are exhausted. 42 U.S.C. § 1997e(a). A detainee is required to utilize a jail grievance system before filing a section 1983 claim in order for jail officials

6

to have an opportunity to remedy the issue and notice of ongoing problems. *Porter v. Nussle*, 534 U.S. 516, 525 (2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Exhaustion is an affirmative defense, and the burden of proof is on [D]efendants.") (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)). Defendants contend that Cook County Jail records include just a single grievance from Plaintiff on October 13, 2009, and that this single grievance is insufficient to preserve Plaintiff's claim because he failed to proceed with a required appeal. Plaintiff asserts that he submitted other grievances, as well, though those grievances are not in the record. (Pl.'s Decl. ¶ 19.) Defendants reply that Plaintiff's allegations about these other grievances should discounted because they are unsupported and that not described with sufficient particularity. Plaintiff's testimony that he produced additional grievances that were lost may well be sufficient to meet his burden, however. Plaintiff himself is a competent witness to the actions he took, and Defendants' suggestion that his statements are unsupported go the credibility of his claim, which is not an appropriate consideration at summary judgment. If Plaintiff submitted grievances, the jail's failure to respond to them could well have rendered administrative remedies "unavailable." *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (citing *Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002)).

Regardless of Plaintiff's alleged other grievances, it is undisputed that Plaintiff filed a grievance on October 13, 2009. His grievance made specific reference to his tooth pain, his need to have the tooth extracted, and the fact that the pain medication the jail provided was not sufficient for his pain. (10/13/09 Detainee Grievance [79-6].) Defendants urge that this grievance cannot preserve Plaintiff's claim, however, because he failed to appeal from its denial after receiving a notice that he had been referred for "Dental Services" on November 4, 2009.

Though a prisoner is required to exhaust each step in the grievance procedure, there is no evidence that Plaintiff ever received a denial of his grievance or that he was advised of the need to appeal. The only written response to the grievance was a handwritten note on the grievance

7

form that it had been "Referred to Dental Services." A referral for dental services was exactly what Plaintiff wanted. Thus, as the court understand the notation on the grievance form, it communicates that the grievance was granted, not denied. Nothing else in the record suggests that Plaintiff should have taken additional steps once he submitted a grievance and received an apparently favorable response. Defendants' motion for summary judgment on the basis of exhaustion is denied.

### B. Deliberate Indifference

The Eighth and Fourteenth Amendments protect a detainee against deliberate indifference to his serious medical needs. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To succeed on a deliberate indifference claim, Plaintiff must prove that Defendants were intentionally indifferent to an objectively serious medical need or condition. Medical malpractice and even gross negligence are insufficient. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) (medical malpractice not enough for deliberate indifference); *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007) (gross negligence not enough for deliberate indifference).

Defendants argue that Plaintiff cannot establish a deliberate indifference claim because he received adequate medical care, including medication and dental care. As the court understands their position, Defendants contend that the mere delay in extracting Plaintiff's teeth was not actionable because it did not result in any permanent damage. Dr. Townsend offered his opinion in his affidavit that Plaintiff "suffered no additional harm from not having those teeth immediately removed." (Townsend Aff. ¶ 12.) The court rejects the argument that delay in treating pain does not support a claim under section 1983. Exposing Plaintiff to unreasonable delay in providing dental care and thereby unnecessary continuing pain constitutes deliberate indifference. *See McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010) (three-month delay for dental care could support a deliberate indifference claim if defendant was aware of severity of Plaintiff's problems but refused to approve a dental visit). Plaintiff alleges that he did not see a dentist for more than a

month after first entering the jail, and asserts that he informed correctional officials on numerous occasions that the medication he intermittently received was ineffective. He also faced a second unexplained delay between his first exam with Dr. Montgomery on December 9, 2009 and the removal of his second tooth, #14, several weeks later on January 27, 2010. Dr. Townsend himself stated that Plaintiff suffered from "chronic gum disease" and required extraction of two teeth when he entered Cook County Jail. Yet Defendants provide no reasonable explanation for repeatedly ignoring Plaintiff's serious and painful medical condition or his continued requests for prompt treatment.

The Seventh Circuit has held that "[e]ven a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam). Plaintiff has offered evidence that he suffered for more than one month before the dentist extracted one tooth, and waited several months more before the second tooth was removed. This evidence is sufficient to survive summary judgment on the claim of deliberate indifference.

**CONCLUSION**

Defendants' motion for summary judgment [77] is denied. As Plaintiff has now received the dental treatment he sought and has been released from custody, the parties are urged to discuss settlement. A status is set for Monday, April 8, 2013, at 9:00 a.m.

ENTER:

Dated: March 20, 2013

_____
REBECCA R. PALLMEYER
UNITED STATES DISTRICT JUDGE